UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER DYLAN WARD,

Plaintiff,

-v.-

TRIBECA STRATEGIES LLC, MAIN STREET LAW, HEROES FOR DEMOCRACY PC, TRISTAN SNELL, and TRISTAN SNELL PLLC, *doing business as* MAIN STREET LAW,

Defendants.

26 Civ. 1285 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court has reviewed Plaintiff's request for a pre-motion conference to amend his Second Amended Complaint ("SAC") (Dkt. #30), and Defendants' reply (Dkt. #33), as well as Plaintiff's request for leave to dismiss seven of Defendants' eight counterclaims (Dkt. #29), and Defendants' reply (Dkt. #32). For the reasons that follow, both of Plaintiff's applications are DENIED.

The SAC already alleges retaliation, claiming that Defendants terminated Plaintiff on the same day that Plaintiff asked to be paid for his last three months of full-time labor. (Dkt #21). On July 2, 2026, Defendants filed their answer to the SAC (Dkt. #25), and the Court referred the parties to mediation that same day (Dkt. #27). On July 23, 2026, Defendants amended their answer to the SAC, adding eight counterclaims against Plaintiff. (Dkt .#28). According to Plaintiff, Defendants' counterclaims were "not brought in good faith" but instead "made to force [Plaintiff] to settle on the cheap." (Dkt. #29 at 1).

In the same breath that Plaintiff asks to move to dismiss Defendants' counterclaims, Plaintiff relies on those same counterclaims as the basis for his new retaliation claim. Even recognizing the liberality that courts should apply when granting leave to amend, the fact remains that this would be Plaintiff's third amended complaint. *See* Fed. R. Civ. P. 15(a)(2); (Dkt. #1, 17, 21). More importantly, the Court does not believe that Defendants' compulsory counterclaims amount to retaliation under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").

As an initial matter, the parties do not seem to dispute that Defendants' counterclaims "may be meritorious." (Dkt. #30 at 2). Nor do the parties seem to dispute that these counterclaims are compulsory. *See* Fed. R. Civ. P. 13(a)(1)(A). To be sure, "[l]awsuits in response to a former employee's attempt to vindicate his rights can constitute retaliation." (Dkt. 30 at 2 (quoting *Fei* v. *WestLB AG*, No. 07 Civ. 8785 (HB), 2008 WL 594768, at *3 (S.D.N.Y. Mar. 5, 2008))). But "[t]he courts in this District have repeatedly held that '[a] compulsory counterclaim is not actionable for retaliation unless it is totally baseless.'" *Sherman* v. *Fivesky*, LLC, 19 Civ. 8015 (LJL), 2020 WL 5105164, at *6 (S.D.N.Y. Aug. 31, 2020) (quoting *Torres* v. *Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 474 (S.D.N.Y. 2008)); *see id.* at *6 ("Although the threat of a vigorous defense ... might well cause an employee to think carefully about whether to start litigation at all, that threat is not the 'retaliation' that Congress had in mind in crafting the retaliation provisions of [federal antidiscrimination law].").

As applied here, Defendants' seemingly meritorious and compulsory counterclaims cannot serve as the basis for a retaliation claim. Plaintiff relies on *Fei* to argue that Defendants' counterclaims threaten his "attempt to vindicate his rights" through litigation. (Dkt. #30 at 2). But even *Fei* notes that "for a counterclaim to be actionable as retaliatory, it must have some impact on the plaintiff's employment or prospective employment." *Fei*, 2008 WL 594768, at *3. The fact that Defendants' counterclaims may "disadvantag[e]" Plaintiff in mediation hardly constitutes an "adverse employment action," particularly given the fact that Plaintiff is no longer employed by Defendants. Thus, Plaintiff's applications for a pre-motion conference to amend his SAC (Dkt. #30), and for leave to dismiss seven of Defendants' eight counterclaims (Dkt. #29), are hereby DENIED.

As the Court understands it, the parties have not yet attended their first mediation conference. It is the Court's expectation that the parties will participate in negotiations in good faith, as directed by this Court. (Dkt. #27). If the parties fail to resolve the matter in mediation, then the parties shall submit a joint letter to the Court with a proposed Case Management Plan, which may include suggested dates for Plaintiff to move to dismiss Defendants' counterclaims.

Finally, Plaintiff's submission was erroneously docketed as a "motion" rather than as a pre-motion letter. The Clerk of Court is thereby directed terminate the pending motions at docket entries 29 and 30.

SO ORDERED.

Dated: August 13, 2026
New York, New York

KATHERINE POLK FAILLA
United States District Judge